# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4035

_____

United States of America,           *
           *

          Appellant,   *
           *    Appeal from the United States
  v.             *    District Court for the
           *    Southern District of Iowa.

Rene Plaza,              *
           *

          Appellee.    *

_____

Submitted: October 18, 2006
Filed: December 21, 2006

_____

Before WOLLMAN, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Rene Plaza ("Plaza") pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court sentenced Plaza to 120 months' imprisonment, the statutory mandatory minimum, representing a 90-month downward variance from the lower end of the advisory guidelines sentencing range. The Government appeals, arguing that the sentence is unreasonable. We vacate Plaza's sentence and remand for resentencing.

## I.    BACKGROUND

Plaza, a 24-year-old man, participated in a methamphetamine distribution ring that shipped methamphetamine from California to be sold in Des Moines, Iowa. In June 2004, police in Des Moines began an investigation of Matt Kinseth. They observed Cassandra Plaza, Plaza's cousin, enter Kinseth's house with a bag and leave without it on two occasions. After the second occasion, the police stopped Plaza and Cassandra Plaza for a traffic violation and discovered $19,000 in Cassandra Plaza's pocket. The police also executed a search warrant at the residence where Cassandra Plaza and Plaza lived, finding 2,517.88 grams of methamphetamine and drug packaging materials.

On May 26, 2005, Plaza pled guilty to one count of conspiracy to distribute methamphetamine. The presentence investigation report detailed Plaza's extensive criminal history, his violations of probation terms and his methamphetamine use since 1996. The district court calculated an advisory sentencing guidelines range of 210 to 262 months based on a total offense level of 35 and a criminal history category of III. The statutory mandatory minimum was 120 months pursuant to 21 U.S.C. § 841(b)(1)(A).

At sentencing, Plaza testified that he did not live at Cassandra Plaza's apartment and that he only accompanied her when she delivered the methamphetamine. The district court heard this testimony and sentenced Plaza to 120 months' imprisonment and five years' supervised release. As justification for its downward variance, the district court noted that no guns or violence were involved in this offense, Plaza was young, Plaza was addicted to methamphetamine and there was a need to avoid sentencing disparity between Plaza and a co-conspirator.

## II.   DISCUSSION

The Government argues that Plaza's sentence is unreasonable.  We review a district court's variance from the advisory guidelines range under a reasonableness standard that is similar to an abuse of discretion review.  *United States v. Maloney*, 466 F.3d 663, 667 (8th Cir. 2006).  A sentence may be unreasonable when a court:

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 276 (2005).

After *Booker*, the sentencing guidelines are advisory, and district courts are to consider the 18 U.S.C. § 3553(a) factors in determining a reasonable sentence.  *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006).  A sentence within the advisory guidelines range is presumptively reasonable.  *United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006).  If a district court varies from the advisory guidelines range, the sentence can be reasonable if the district court "offers appropriate justification under the factors specified in § 3553(a)." *Id*.  The greater the variance from the advisory guidelines range, the greater the justification must be for that variance.  *Id*.  "An extraordinary reduction must be supported by extraordinary circumstances." *Id*. (citing *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)).

Plaza's sentence of 120 months' imprisonment represents a downward variance of 90 months, or nearly 43 percent, from the bottom of the advisory guidelines range.

We hold that this sentence is unreasonable because the district court committed a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of this case. As discussed below, the lack of violence and firearms involved in the offense, Plaza's age, Plaza's drug addiction and the need to avoid a sentencing disparity with one other co-conspirator simply do not justify the extent of the district court's downward variance.

First, the district court clearly erred in giving too much weight to the lack of violence and firearms involved in Plaza's offense. While the lack of violence or involvement of firearms is properly considered under § 3553(a)(1) ("the nature and circumstances of the offense . . ."), the presence or absence of these facts is also considered in determining the advisory guidelines range. *See, e.g.*, U.S.S.G. § 2D1.1(b)(1) (increasing the base offense level by two levels if a dangerous weapon was possessed). While the district court can consider facts taken into account by the guidelines in its analysis, it cannot solely rely on these facts to support a substantial downward variance. *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006), *cert. granted*, --- U.S. ---, 127 S. Ct. 551 (2006) (concluding that the small amount of crack cocaine involved, a circumstance of the offense, and a lack of criminal history did not warrant a substantial downward variance because they were already considered in determining the advisory guidelines range).

Second, the district court gave too much weight to Plaza's age in granting a significant variance. An extraordinary reduction of a sentence cannot be based largely on the youth of the defendant because "[r]elative youth is a factor that may apply to many [defendants], and it is unlikely that district courts uniformly will adopt the view of the district court in this case." *Maloney*, 466 F.3d at 669 (holding, in the context of the guidelines career offender provision, that a defendant's relative youth of 22 years old could not justify a downward variance to or near the statutory minimum). If Plaza received a large variance because he was 24 years old, his sentence would create vast disparities among other defendants, even those of similar age, sentenced

for similar drug conspiracy crimes. Furthermore, the instant offense was not a one-time youthful indiscretion. Plaza, despite his age, has had several drug convictions. Indeed, he was a federal fugitive at the time the police arrested him for this conspiracy crime. In light of these facts, the district court clearly erred in basing a large downward variance on Plaza's age.

Third, the district court gave too much weight to Plaza's drug addiction. "Drug addiction or abuse is not a proper reason to impose a downward variance, absent exceptional circumstances." *United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006). If a defendant's drug use does not distinguish him in some significant way from other defendants, it is not a factor which will support a large downward variance. *See Dieken*, 432 F.3d at 909. The district court noted that Plaza used methamphetamine since 1996 and was once hospitalized in Mexico as a result. Plaza's drug addiction, though, is not unique among other defendants involved in drug conspiracies, and the district court clearly erred in granting a large downward variance based on this factor.

Fourth, the district court afforded undue weight to the need to avoid a sentencing disparity between Plaza and Pedro Omar Velazquez-Martinez, a co-conspirator. Velazquez-Martinez received the statutory mandatory minimum sentence of 120 months' imprisonment, and the district court reasoned that Plaza should receive the same treatment. While district courts do need to avoid unwarranted sentencing disparities, in evaluating the potential disparity a district court must compare "defendants with similar records who have been found guilty of similar conduct." *United States v. Medearis*, 451 F.3d 918, 921 (8th Cir. 2006) (quoting 18 U.S.C. § 3553(a)(6)). Velazquez-Martinez is not similarly situated to Plaza. Velazquez-Martinez was a minor participant in the methamphetamine distribution ring, had a criminal history category of I and an advisory guidelines range of 57 to 71 months. Plaza had more than 2.5 kilograms of methamphetamine at his residence, was denied a minor role reduction, had a criminal history category of III and an advisory guidelines range of 210 to 262 months. Plaza and Velazquez-Martinez are not

-5-

similarly situated, and the district court does not need to sentence these individuals to the same length of imprisonment to avoid an unwarranted sentencing disparity.

While the facts of this case might justify some downward variance, the combination of the facts identified by the district court does not justify a 90-month, or 43 percent, variance from the bottom of the advisory guidelines range. *See United States v.Bryant*, 446 F.3d 1317, 1320 (8th Cir. 2006) (holding that while the factors of a limited criminal history and being drug-free for nine months "might well be sufficient to justify some variance from the presumptively reasonable guideline range, they do not justify a fifty-seven percent variance"). Therefore, the district court abused its discretion in sentencing Plaza to 120 months of imprisonment.[1]

## III. CONCLUSION

Accordingly, we vacate the sentence and remand for resentencing.

_____

_____

[1]The Government also challenges the district court's recitation of the admonition that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). Although the district court recited this statement at the sentencing hearing, it does not appear that the district court relied on this as a basis to justify the downward variance in this case.