# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1404

_____

United States of America,       *
                        *

        Appellee,         *

                        *   Appeal from the United States
    v.                    *   District Court for the
                        *   District of Nebraska.

Kevin J. Yale,           *

                        *   [UNPUBLISHED]
        Appellant.       *

_____

Submitted: February 6, 2007
Filed:  February 7, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kevin J. Yale appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 846. In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel argues that Yale's 262-month prison sentence, imposed upon consideration of an advisory Guidelines range of 262-327 months, is too harsh in comparison to the sentences of his co-conspirators.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We find no abuse of discretion in the district court's refusal to grant Yale a downward variance to accomplish sentencing parity, especially where, in opposing the variance, the government had stated without objection that Yale's case was distinguished by an extensive criminal record and the existence of a weapon. See United States v. Plaza, 471 F.3d 876, 880 (8th Cir. 2006) (while unwarranted sentencing disparities are to be avoided, district court evaluating potential disparity must compare defendants with similar records who have been found guilty of similar conduct; reversing downward variance where coconspirators had different criminal history categories, role-related adjustments, drug quantities, and Guidelines ranges).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and grant counsel's motion to withdraw.

_____