# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2059

_____

United States of America,

           Appellant,

v.

Kendrix D. Feemster,

           Appellee.

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: November 14, 2006
Filed: April 25, 2007

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

After calculating an advisory United States Sentencing Guidelines range of 360 months' to life imprisonment, the district court sentenced Kendrix D. Feemster (Feemster) to 120 months' imprisonment and 8 years' supervised release. We vacate the sentence and remand for resentencing.

## I.    BACKGROUND

On March 11, 16, and 25, 2004, respectively, Feemster sold 5.7, 6.8, and 11.2 grams of crack cocaine to an undercover Drug Enforcement Administration agent. Based on the March 16 and 25 sales, the grand jury charged Feemster with two counts

of knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii).[1] Before trial, the government filed an information pursuant to 21 U.S.C. § 851(a) providing notice that, if convicted, Feemster would be subject to a ten-year mandatory minimum sentence due to Feemster's prior conviction for a felony drug offense. A jury convicted Feemster on both counts.

The United States Probation Office prepared a presentence investigation report (PSR) detailing Feemster's criminal history.[2] Feemster had juvenile adjudications for: (1) at age 13, attempted stealing; (2) at age 14, making a false bomb report; and (3) at age 15, stealing, attempted stealing, and second-degree burglary. Feemster's adult convictions and sentences include: (1) at age 16, possession of a controlled substance (crack cocaine) and possession of marijuana, resulting in a suspended sentence and probation, which he successfully completed; (2) at age 17, first-degree burglary, resulting in a sentence of six years' imprisonment (including citations for conduct violations on sixty-five separate occasions), from which he was twice conditionally released and both times his conditional release was revoked (submitting a positive urine test for marijuana); (3) at age 23, first-degree robbery (involving a handgun carried by his co-defendant), resulting in a ten-year suspended sentence and probation, which he violated; and (4) at age 24, possession of marijuana, resulting in a sixty-day suspended sentence and one-year unsupervised probation.

Before applying the career offender enhancement, Feemster's base offense level was 26, see U.S.S.G. § 2D1.1(c)(7), and Feemster was a criminal history category IV, resulting in an advisory Guidelines sentencing range of 92 to 115 months' imprisonment. Due to Feemster's prior conviction for a felony drug offense,

---

[1]The district court dismissed a third count based on the March 11 sale.

[2]We accept as true the facts set forth in the PSR because Feemster did not object to the PSR's specific factual allegations. See United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006).

Feemster's statutory minimum sentence was 120 months' imprisonment. See 21 U.S.C. §§ 841(b)(1)(B), 851. Because Feemster was 26 years old when he committed the offense and was previously convicted of two crimes of violence—burglary and robbery—the PSR applied the career offender enhancement. See U.S.S.G. § 4B1.1(a).[3] After applying the career offender enhancement, Feemster's career offender offense level was 37 and Feemster was a criminal history category VI, resulting in an advisory Guidelines sentencing range of 360 months' to life imprisonment.

The district court imposed a sentence of 120 months' imprisonment and 8 years' supervised release. The government appealed, and we remanded to the district court for resentencing, stating "we find the record at this time does not permit our court to undertake a meaningful analysis of whether the sentence imposed is unreasonable." United States v. Feemster, 435 F.3d 881, 884 (8th Cir. 2006).

On remand, the district court expounded on its reasoning for sentencing Feemster to 120 months' imprisonment, stating:

> Now, at the time that Mr. Feemster was sentenced[,] he was 27. At the time of the offense, . . . he was 26. . . . Now, it's unquestioned that Mr. Feemster was a troubled youth. As they say, "Youth is wasted on the young." They just need a little wisdom. When he started getting . . . these points[,] . . . he was 17 years old.

---

[3]Section 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In any event, [t]he [c]ourt has looked at the 3553(a) factors and at the time the instant offense was committed the defendant was 26 years of age, it involved the distribution of 18 grams of cocaine base to a federal agent. No weapon was present. And while the defendant does have a record and much of it is significant because of his being a troubled youth, it would seem it includes violent felony convictions, and that's what made him a career offender, and many—most of those . . . prior convictions occurred when he was a juvenile.

Now, as [*sic*] his adult conviction[,] he's placed on probation. He successfully completed that. Now, his second adult conviction involved the burglary of a home. And his third adult conviction was for robbery first degree which involved a weapon. However, his co[-]defendant, Dean Goddard, who had the weapon and defendant did not. And his fourth and final conviction was a misdemeanor for possession of marijuana. He was placed on probation. He successfully completed that probation.

So to me I think this 360 months to life is excessive. I think it pretty much takes away Mr. Feemster's life, so . . . in light of these 3553(a) factors, so I think an aggregate term of 120 months to be served concurrently with his state sentence of 1CR-2495A and eight years of supervised release would seem to address the sentencing objectives of punishment and deterrence and incapacitation. I think . . . ten years and then eight years of supervised release, I think . . . that's 18 years right there that he will be under some kind of supervision by the court system.

The government appeals.

## II. DISCUSSION

Neither party disputes the district court correctly calculated Feemster's advisory Guidelines sentencing range. We, therefore, review for abuse of discretion the reasonableness of Feemster's sentence. United States v. Spears, 469 F.3d 1166, 1170 (8th Cir. 2006) (en banc), petition for cert. filed (U.S. Mar. 2, 2007) (No. 06-9864). "[A]n abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors

but in weighing those factors commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir.) (internal quotation omitted), cert. denied, 126 S. Ct. 276 (2005). We ask "whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable," and if granting the variance is reasonable, then we ask whether the extent of the variance is reasonable. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). "[T]he court has a *range of choice*, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Haack, 403 F.3d at 1004 (quotation omitted). "As the size of the variance grows, so too must the reasons that warrant it." United States v. Medearis, 451 F.3d 918, 920 (8th Cir. 2006).

The government argues the grounds supporting the variance do not support the extent of the variance (eleven levels or 67%). Feemster disagrees, arguing convictions before and after a defendant turns eighteen are not the same for purposes of sentencing in light of Roper v. Simmons, 543 U.S. 551 (2005). We consider in turn each ground for the variance.

### A.     Prior Convictions Before Turning Eighteen-Years Old

The district court described Feemster as a "troubled youth" and observed the career offender enhancement was triggered by a prior conviction that occurred before Feemster turned eighteen. For purposes of the career offender enhancement, any felony conviction, as long as the defendant was tried as an adult, is classified as a "prior felony conviction," regardless of the defendant's age at the time of the offense. See U.S.S.G. § 4B1.2 cmt. n.1. Therefore, assuming the defendant was tried as an adult, the defendant's age at the time of the offense is not a relevant consideration for purposes of the career offender enhancement.

After United States v. Booker, 543 U.S. 220 (2005), the application of the Guidelines is no longer mandatory and a sentence must be imposed in accordance with the factors set forth in 18 U.S.C. § 3553(a). Spears, 469 F.3d at 1173. Section

3553(a)(1) requires consideration of "the history and characteristics of the defendant." Here, Feemster's history and characteristics include, among other things, five juvenile adjudications, three adult convictions for conduct occurring before he turned eighteen, two adult convictions for conduct occurring after he turned eighteen, and the instant conviction. Feemster's status as a juvenile at the time he committed the robbery is relevant under § 3553(a)(1), because it is part of Feemster's history and characteristics. See United States v. Ryder, 414 F.3d 908, 920 (8th Cir. 2005).

Feemster argues Roper v. Simmons permits courts to show leniency to defendants who would otherwise serve lengthy terms of imprisonment due to their past criminal conduct occurring before they turned eighteen. For purposes of § 3553(a)(2), prior convictions for conduct occurring before and after a defendant turns eighteen are not identical. In Simmons, the Supreme Court held that conduct occurring before a defendant turned eighteen could not justify capital punishment, noting "the death penalty is reserved for a narrow category of crimes and offenders." Simmons, 543 U.S. at 569, 578-79. The Supreme Court excluded juveniles from the offenders eligible for the death penalty in part because: (1) "[t]he susceptibility of juveniles to immature and irresponsible behavior means their irresponsible conduct is not as morally reprehensible as that of an adult"; (2) "[the juvenile's] vulnerability and comparative lack of control over their immediate surroundings mean juveniles have a greater claim than adults to be forgiven for failing to escape negative influences in their whole environment"; and (3) "a greater possibility exists that a minor's character deficiencies will be reformed." Id. at 570 (internal quotation and citations omitted). Thus, a defendant with convictions for conduct occurring before the defendant turned eighteen is different than a defendant with convictions for conduct occurring after the defendant turned eighteen, because the former defendant may be less deserving of punishment and pose less of a risk of recidivism. See id.; see also 18 U.S.C. § 3553(a)(2).

Although relevant under § 3553(a)(1) and (a)(2), Feemster's prior adult convictions for conduct occurring while Feemster was a juvenile do not justify the *extent* of the district court's variance for several reasons. First, the rationale of <u>Simmons</u> applies only with limited, if any, force outside of the context of capital punishment. <u>See</u> <u>Simmons</u>, 543 U.S. at 568 ("Because the death penalty is the most severe punishment, the Eighth Amendment applies to it with special force."). Although the execution of a juvenile is impermissible under the Eighth and Fourteenth Amendments, sentencing a juvenile to life imprisonment is not. <u>Id.</u> at 560, 578-79 (affirming a life sentence without the possibility of parole for a conviction based on juvenile conduct). Similarly, sentencing an adult defendant to life imprisonment (or a long term of imprisonment) based, in part, on conduct occurring before the defendant turned eighteen is not proscribed by the Eighth and Fourteenth Amendments. <u>See</u> <u>United States v. Mays</u>, 466 F.3d 335, 340 (5th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1313 (2007); <u>United States v. Wilks</u>, 464 F.3d 1240, 1243 (11th Cir.), <u>cert. denied</u>, 127 S. Ct. 693 (2006); <u>see also</u> <u>United States v. Gall</u>, 446 F.3d 884, 890 (8th Cir. 2006) (reversing a downward variance based, in part, on the belief that young people are immature), <u>petition for cert. filed</u> (U.S. Nov. 22, 2006) (No. 06-7949). A person does not receive a clean criminal record slate upon becoming an adult. Even if Feemster received a clean criminal record slate, Feemster's two other convictions since turning eighteen in addition to the instant conviction indicate a strong likelihood of recidivism.

Second, 28 U.S.C. § 994(h)[4] directs the United States Sentencing Commission to assure the Guidelines, and thereby the courts, sentence career offenders to terms of imprisonment at or near the statutory maximum. See United States v. Maloney, 466 F.3d 663, 669 (8th Cir. 2006). Congress's mandate as set forth in § 994(h) is a particularly relevant consideration under § 3553(a) because Congress has limited the kinds of available sentences and the sentencing ranges. See 18 U.S.C. § 3553(a)(3), (a)(4)(A)(I). In compliance with § 994(h), the Guidelines limit the extent of any departure based on a career offender's over-represented criminal history to "one criminal history category." See U.S.S.G. § 4A1.3(b)(3)(A); United States v. Beal, 463 F.3d 834, 837 (8th Cir. 2006), petition for cert. filed (U.S. Dec. 21, 2006) (No. 06-8498). Even though the Guidelines are no longer mandatory, the Guidelines must be considered in fashioning a reasonable sentence under § 3553(a). See 18 U.S.C. § 3553(a)(4); United States v. Winters, 411 F.3d 967, 972 (8th Cir. 2005), cert. denied, 126 S. Ct. 1386 (2006). Insofar as Feemster's criminal history may be over-represented due to the treatment of Feemster's robbery conviction as a prior adult conviction, the extent of any accompanying downward variance from the advisory Guidelines sentencing range should not ignore the mandate of Congress to sentence career offenders at or near the statutory maximum term of imprisonment. See 28 U.S.C. § 994(h); see also U.S.S.G. § 4A1.3(b)(3)(A).

---

[4]Section 994(h), in relevant part, provides:

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and (1) has been convicted of a felony that is (A) a crime of violence or (B) [a specified drug crime] and (2) has previously been convicted of two or more prior felonies, each of which is (A) a crime of violence or (B) [a specified drug crime].

28 U.S.C. § 994(h) (punctuation omitted). Section 994(h) does not distinguish between prior felony convictions resulting from juvenile and adult conduct.

While a modest downward variance may be appropriate, because a conviction resulting from conduct while not yet eighteen is not the same as a conviction resulting from adult conduct, the *extent* of the variance here (eleven levels or 67%) exceeds the range of reasonable variances based on the distinction between prior convictions while a juvenile and an adult.

**B.    Absence of Weapons**

The district court varied downward in part because Feemster never possessed a weapon and the only weapon present during any of Feemster's past criminal acts was a weapon carried by Feemster's co-defendant during the robbery.[5]  "While the lack of violence or involvement of firearms is properly considered under [the nature and circumstances of the offense]," United States v. Plaza, 471 F.3d 876, 879 (8th Cir. 2006), if Feemster had possessed a firearm during the robbery or while distributing crack cocaine, Feemster would have committed other federal crimes, see 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), and would have received other sentencing enhancements, see U.S.S.G. §§ 2D1.1(b)(1), 2K2.1(b)(6).  The absence of grounds that justify further punishment is not a ground for a downward variance.  See Plaza, 471 F.3d at 879; United States v. Morales-Uribe, 470 F.3d 1282, 1286 (8th Cir. 2006)  Therefore, the absence of weapons involved with Feemster's prior convictions does not support the extent of the district court's downward variance.  See Plaza, 471 F.3d at 879.

**C.    Successfully Completing Terms of Probation**

The district court also justified the extent of the variance because Feemster had successfully completed two terms of probation.  Successfully completing a term of probation is similar to obeying the law or complying with a court order in that

---

[5]"Co-conspirators are responsible for 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" United States v. Jackson, 419 F.3d 839, 843 (8th Cir.) (quoting U.S.S.G. § 1B1.3(a)(1)(B)), cert. denied, 126 S. Ct. 841 (2005).

defendants are expected to obey the law, to comply with court orders, and to complete terms of probation successfully. The reward for doing so is the avoidance of further punishment. <u>See</u> <u>generally</u> 18 U.S.C. § 3565; U.S.S.G. ch. 7, pt. B. Again, the absence of grounds that support an enhancement or upward departure or variance does not support a downward variance.

Alternatively, failing to complete successfully a term of probation is an aggravating factor because it demonstrates the defendant's incorrigibility. <u>Cf.</u> <u>United States v. Hacker</u>, 450 F.3d 808, 812 (8th Cir. 2006) (concluding the defendant's past criminal conduct and "repeated violations of probation and supervised release" supported an upward departure). Feemster has had his probation revoked once and his conditional release revoked twice. On this record, Feemster has demonstrated more incorrigibility than atonement, and thus the downward variance cannot be justified on the ground Feemster successfully completed one term of supervised probation and one term of unsupervised probation.

### D. Feemster's Young Age

Additionally, the district court varied downward based, in part, on Feemster's age at the time of sentencing. Although the Guidelines are no longer mandatory, the Guidelines policy statements still must be taken into account in fashioning a reasonable sentence. 18 U.S.C. § 3553(a)(5). The Guidelines provide "[a]ge (including youth) is not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1, p.s.

Assuming, for the purposes of argument, Feemster's young age supports some downward variance, Feemster's youth does not support the extent of the variance. "An extraordinary reduction of a sentence cannot be based largely on the youth of the defendant because '[r]elative youth is a factor that may apply to many [defendants], and it is unlikely that district courts uniformly will adopt the view of the district court in this case.'" <u>Plaza</u>, 471 F.3d at 879 (quoting <u>Maloney</u>, 466 F.3d at 669 and fearing

vast unwarranted disparities contrary to § 3553(a)(6)).  In <u>Maloney</u>, we reversed a substantial downward variance based primarily on the defendant's youth to avoid unwarranted sentencing disparities.  <u>Maloney</u>, 466 F.3d at 669-70.  The grant of a dramatic variance based on Feemster's youth would result in unwarranted sentencing disparities among similarly situated defendants.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> 18 U.S.C. § 3553(a)(6).

## III.  CONCLUSION

Because, in sentencing Feemster, the district court (1) gave too much weight to Feemster's relative young age at the time of the instant offense and his age at the time of his prior offenses, (2) improperly considered as grounds for variance the absence of other aggravating factors that would have supported additional charges or enhancements, and (3) did not give sufficient weight to the need to avoid unwarranted sentencing disparities, the district court abused its discretion.  In sentencing a career offender, a district court cannot simply ignore the Congressional mandate that career offenders be sentenced at or near the statutory maximum term of imprisonment.  <u>See</u> 28 U.S.C. § 994(h). Therefore, we vacate Feemster's sentence and remand for resentencing consistent with this opinion.[6]

———————————————————————

[6]The government suggests the case be remanded with instructions to assign the case to a different judge.  The record does not support the suggested reassignment, and, to the extent the suggestion could be considered a motion, the motion is denied. <u>Cf.</u> 28 U.S.C. § 2106.