# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2022

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Reynaldo Maldonado, also known | * | |
| as Edifredo Maldonaldo, also known | * | [UNPUBLISHED] |
| as Eddy, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 28, 2007
Filed: September 14, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Reynaldo Maldonado pleaded guilty to a superseding indictment charging him with several drug offenses and a fraud offense, the district court[1] sentenced him to concurrent prison terms of 168 months on the drug offenses and a concurrent term of 60 months on the fraud offense, to be followed by concurrent supervised terms of 10, 6, 8, 5, and 3 years. On appeal Maldonado's counsel has moved to withdraw and

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence is unreasonable because the district court did not grant a downward variance based on Maldonado's history of alcohol abuse and the disparity in Maldonado's and a co-defendant's sentences. Maldonado has filed a pro se supplemental brief. We affirm.

In determining the sentence, the district court considered Maldonado's Guidelines imprisonment range, along with other 18 U.S.C. § 3553(a) factors, and nothing in the record suggests the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but in weighing those factors committed a plain error of judgment. <u>See</u> <u>United States v. Lincoln</u>, 413 F.3d 716, 717-18 (8th Cir. 2005); <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005). In determining that a downward variance was not warranted, the court considered the reasons for the differing sentences imposed on Madonado and his co-defendant, <u>cf.</u> <u>United States v. Plaza</u>, 471 F.3d 876, 880 (8th Cir. 2006) (in evaluating potential disparity court must compare defendants with similar records who have been found guilty of similar conduct), and alcohol abuse generally is not a proper ground for a downward variance, <u>see</u> <u>id.</u> at 879-80 (drug addiction or alcohol abuse are not proper grounds for downward variance, absent exceptional circumstances).

As for Maldonado's pro se arguments, his valid guilty plea forecloses his contention that it was error for him to be absent from the arraignment on the superseding indictment, <u>see</u> <u>United States v. Staples</u>, 435 F.3d 860, 864 (8th Cir.) (valid guilty plea operates as waiver of all non-jurisdictional defects or errors), <u>cert. denied</u>, 127 S. Ct. 148 (2006); he cannot now assert as error the lack of an interpreter at the plea hearing, when he assured the court at the hearing that he understood English, did not need an interpreter, and would inform the court if he did not understand the proceedings; <u>cf.</u> <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985) (defendant's representations during plea-taking carry strong presumption of

verity and pose formidable barrier in any subsequent collateral proceedings); and any ineffective-assistance claims are more properly raised, if at all, in 28 U.S.C. § 2255 proceedings, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____