# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2059

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　*
　　　　　　　　　　　　　　　　　*　On remand for reconsideration
　　v.　　　　　　　　　　　　　　*　from the United States
　　　　　　　　　　　　　　　　　*　Supreme Court.
　　　　　　　　　　　　　　　　　*
Kendrix D. Feemster,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　*

_____

Submitted: February 13, 2008
Filed: July 3, 2008

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

This is our third review of the sentencing of Kendrix D. Feemster (Feemster). After the district court imposed a sentence of 120 months imprisonment and 8 years supervised release, the government appealed Feemster's sentence, and we remanded for resentencing because the record did not permit us to analyze meaningfully the reasonableness of Feemster's sentence. See United States v. Feemster, 435 F.3d 881, 884 (8th Cir. 2006) (Feemster I).[1] On remand, the district court again sentenced

_____

[1]See Gall v. United States, 522 U.S. __, 128 S. Ct. 586, 597 (2007).

Feemster to 120 months imprisonment, this time expounding on its reasons for doing so. The government appealed, and we remanded for resentencing, finding the district court abused its discretion. See United States v. Feemster, 483 F.3d 583, 588-90 (8th Cir. 2007) (Feemster II). The Supreme Court vacated the judgment and remanded to us for further consideration in light of Gall. Having carefully considered Gall's impact on this case, we again reverse the sentence of the district court and remand for resentencing.

## I.    BACKGROUND[2]

A jury convicted Feemster of two counts of knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). Before trial, the government filed an information pursuant to 21 U.S.C. § 851(a) providing notice that, if convicted, Feemster would be subject to a ten-year mandatory minimum sentence due to Feemster's prior conviction for a felony drug offense.

The United States Probation Office prepared a presentence investigation report (PSR) detailing Feemster's criminal history. Feemster had juvenile adjudications for (1) at age 13, attempted stealing; (2) at age 14, making a false bomb report; and (3) at age 15, stealing, attempted stealing, and second-degree burglary. Feemster's adult convictions and sentences include: (1) at age 16, possession of a controlled substance (crack cocaine) and possession of marijuana, resulting in a suspended sentence and probation, which he successfully completed; (2) at age 17, first-degree burglary, resulting in a sentence of six years imprisonment (including citations for conduct violations on sixty-five separate occasions), from which he was twice conditionally released and both times his conditional release was revoked (submitting a positive urine test for marijuana); (3) at age 23, first-degree robbery (involving a handgun carried by his co-defendant), resulting in a ten-year suspended sentence and probation,

---

[2]Our factual background is borrowed from Feemster II, 483 F.3d at 585-86.

which he violated; and (4) at age 24, possession of marijuana, resulting in a sixty-day suspended sentence and one-year unsupervised probation.

Before applying the career offender enhancement, Feemster's base offense level was 26, see U.S.S.G. § 2D1.1(c)(7), and his criminal history category was IV, resulting in an advisory Guidelines sentencing range of 92 to 115 months imprisonment. Due to Feemster's prior conviction for a felony drug offense, Feemster's statutory minimum sentence was 120 months imprisonment. See 21 U.S.C. §§ 841(b)(1)(B), 851. Because Feemster was 26 years old when he committed the offense and was previously convicted of two crimes of violence—burglary and robbery—the PSR applied the career offender enhancement. See U.S.S.G. § 4B1.1(a).[3] After applying the career offender enhancement, Feemster's career-offender offense level was 37 and his criminal history category was VI, resulting in an advisory Guidelines sentencing range of 360 months to life imprisonment.

The district court imposed a sentence of 120 months imprisonment and 8 years supervised release. The government appealed, and we remanded to the district court for resentencing because the record did not permit a meaningful analysis of the reasonableness of Feemster's sentence. See Feemster I, 435 F.3d at 884. On remand, the district court explained its reasoning for sentencing Feemster to 120 months imprisonment, stating:

---

[3]Section 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Now, at the time that Mr. Feemster was sentenced[,] he was 27. At the time of the offense, . . . he was 26 . . . . Now, it's unquestioned that Mr. Feemster was a troubled youth. As they say, "Youth is wasted on the young." They just need a little wisdom. When he started getting . . . these points[,] . . . he was 17 years old.

In any event, [t]he [c]ourt has looked at the 3553(a) factors and at the time the instant offense was committed the defendant was 26 years of age, it involved the distribution of 18 grams of cocaine base to a federal agent. No weapon was present. And while the defendant does have a record and much of it is significant because of his being a troubled youth, it would seem it includes violent felony convictions, and that's what made him a career offender, and many--most of those . . . prior convictions occurred when he was a juvenile.

Now, as [*sic*] his adult conviction[,] he's placed on probation. He successfully completed that. Now, his second adult conviction involved the burglary of a home. And his third adult conviction was for robbery first degree which involved a weapon. However, his co[-]defendant, Dean Goddard, who had the weapon and defendant did not. And his fourth and final conviction was a misdemeanor for possession of marijuana. He was placed on probation. He successfully completed that probation.

So to me I think this 360 months to life is excessive. I think it pretty much takes away Mr. Feemster's life, so . . . in light of these 3553(a) factors, so I think an aggregate term of 120 months to be served concurrently with his state sentence of 1CR-2495A and eight years of supervised release would seem to address the sentencing objectives of punishment and deterrence and incapacitation. I think . . . ten years and then eight years of supervised release, I think . . . that's 18 years right there that he will be under some kind of supervision by the court system.

. . . .

I mean, I looked at each of those [§ 3553(a)] factors, and I think this time factor [120 months], as I said, will serve the whole purposes.

-4-

[Feemster's] relative youth I think is the most significant factor when combined with the fact that this time will be more than sufficient for a deterrence, protection of the community, and so forth.

The government appealed. We again remanded, finding the district court abused its discretion by (1) giving too much weight to Feemster's young age at the time of his prior offenses; (2) substantially basing the variance on Feemster's age at the time of the instant offense and sentencing; (3) considering Feemster's lack of involvement with firearms, when such lack of involvement had already been accounted for in calculating Feemster's Sentencing Guidelines range; and (4) considering Feemster's successful completion of two terms of probation, when failure to complete his probation would have warranted further punishment. See Feemster II, 483 F.3d at 588-90. The Supreme Court vacated the judgment and remanded for further consideration in light of Gall.

## II. DISCUSSION

We review[4] all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard. Gall, 128 S. Ct. at 597. Before reaching the substantive reasonableness of the sentence, we "must first ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. Although extraordinary circumstances are not required to justify a sentence outside the Guidelines range, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Id. at 594.

---

[4]Our Gall sentencing review explanation is borrowed from United States v. Pepper, 518 F.3d 949, 951-52 (8th Cir. 2008).

> If [the district court] decides that an outside-Guidelines sentence is warranted, [the district court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. . . .[A] major departure should be supported by a more significant justification than a minor one.
>
> . . . .
>
> [T]he [appellate] court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Id. at 597. "[A]n abuse of discretion may occur when . . . a court gives significant weight to an improper or irrelevant factor." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). See Gall, 128 S. Ct. at 597. Using these rules to guide our analysis, we conclude the district court committed procedural error and abused its discretion in Feemster's particular case because, in attempting to explain its reasons for varying downward 240 months from the bottom of Feemster's Guidelines range, the district court gave significant weight to irrelevant factors and failed to support the extent of variance with sufficient justifications.

### A.    Feemster's Young Age
### 1.    Prior Offenses

In Feemster II, we vacated Feemster's sentence based in part on our conclusion the district court gave "too much weight" to Feemster's young age at the time of his prior offenses. 483 F.3d at 589. We acknowledged in Feemster II that Feemster's prior adult convictions for conduct occurring while Feemster was a juvenile "[are] relevant under § 3553(a)(1), because [they are] part of Feemster's history and characteristics." Id. at 587. However, we concluded "Feemster's prior adult convictions for conduct occurring while Feemster was a juvenile do not justify the *extent* of the district court's variance[.]" Id. at 588. As we read Gall, the district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors

greater weight than others in deciding whether "the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Following Gall, we conclude the district court did not abuse its discretion in giving significant weight to Feemster's status as a juvenile at the time of some of his prior adult convictions.

### 2. Instant Offense

The district court did abuse its discretion in substantially basing the variance on Feemster's age at the time of the instant offense (26) and the sentencing (27). The Guidelines provide, "[a]ge (including youth) is not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1, p.s. As we noted in Feemster II, "[a]lthough the Guidelines are no longer mandatory, the Guidelines policy statements still must be taken into account in fashioning a reasonable sentence." Feemster II, 483 F.3d at 590 (citing 18 U.S.C. § 3553(a)(5)). A variance resulting in an "unusually lenient" sentence should not be based largely on the twenty-something age of the defendant, because relative youth is a factor that applies to many defendants and it is unlikely district courts will uniformly adopt the view that defendants in their mid-twenties deserve more lenient sentences than middle-aged or older defendants. See id. (citing United States v. Plaza, 471 F.3d 876, 879 (8th Cir. 2006) (quoting United States v. Maloney, 466 F.3d 663, 669 (8th Cir. 2006))).

In Feemster's case, the fact that he was 26 when he committed the instant offense and 27 at sentencing does not distinguish him in any meaningful way from other defendants. A dramatic downward variance for Feemster based on his relative youth (26 or 27) is inappropriate because it manifestly would result in unwarranted sentencing disparities among similarly situated defendants. See 18 U.S.C. § 3553(a)(6). Taking into account the totality of the circumstances, Feemster's age, alone or together with the district court's other justifications, has little, if any, relevance and is not a sufficient justification for the extent of this unusually lenient sentence.

## B.    Absence of Weapons

The district court varied downward in part because Feemster did not carry a weapon when he committed his past crimes.  As we noted in Feemster II, Feemster would have committed several other crimes and received additional sentencing enhancements had he possessed a weapon during the robbery or while distributing crack cocaine.  Feemster II, 483 F.3d at 589.  The fact that Feemster did not carry a weapon was already taken into account in calculating Feemster's Sentencing Guidelines range.  See United States v. Morales-Uribe, 470 F.3d 1282, 1286 (8th Cir. 2006) (explaining "substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity") (citation and quotation marks omitted).  Gall does not overrule our circuit precedent or our conclusion in Feemster II that "[t]he absence of grounds that justify further punishment is not a ground for a downward variance."  Feemster II, 483 F.3d at 589 (citing Plaza, 471 F.3d at 879 and Morales-Uribe, 470 F.3d at 1286).  The absence of a weapon in this particular case is irrelevant and not a sufficient justification for this unusually lenient sentence.

## C.    Completion of Probation

The district court also varied downward in part because Feemster successfully completed two terms of probation.[5]  As we stated in Feemster II, "[s]uccessfully completing a term of probation is similar to obeying the law or complying with a court order in that defendants are expected to obey the law, to comply with court orders, and to complete terms of probation successfully.  The reward for doing so is the avoidance of further punishment."  Feemster II, 483 F.3d at 589 (citations omitted).  Thus, Feemster's successful completion of two terms of probation was irrelevant and was not a sufficient justification for the district court's unusually lenient sentence.

---

[5]As we noted in Feemster II, the district court apparently neglected to consider Feemster's numerous citations for conduct violations, revocation of conditional release, and probation violation.  Feemster II, 483 F.3d at 589.

## III. CONCLUSION

Because the district court considered irrelevant factors, and failed to explain its unusually lenient sentence with sufficient justifications to support the degree of the variance, we conclude the district court committed procedural error and abused its discretion. We therefore reverse Feemster's sentence and remand for resentencing.

_____