# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1834

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Suton Anton Sayles

*Defendant - Appellant*

_____

No. 13-1874

_____

United States of America

*Plaintiff - Appellee*

v.

Martinus Antuan Sayles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 14, 2014
Filed: June 6, 2014
_____

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.
_____

BYE, Circuit Judge.

Martinus Antuan Sayles ("Martinus") and Maurice Suton Anton Sayles ("Maurice") each pleaded guilty to conspiracy to commit wire fraud and the district court[1] sentenced each to eighty-five months of imprisonment. Martinus and Maurice now appeal the sentences. We affirm each sentence.

I

Twin brothers Martinus and Maurice engaged in a scheme whereby they would steal checks, forge checks, purchase merchandise, then return the merchandise for cash. The loss attributable to the scheme was $5,990. On April 4, 2012, an indictment was filed in the Western District of Missouri, charging Martinus and Maurice with conspiracy to commit wire fraud. Maurice was also charged with three counts of wire fraud.

Martinus pleaded guilty to conspiracy to commit wire fraud without a written plea agreement. At sentencing, pursuant to the United States Sentencing Guidelines Manual ("U.S.S.G."), the district court determined Martinus had an offense level of 7, a criminal history category of VI, and a guidelines range of 15-21 months. The government sought a sentence at the high end of the guidelines range and the district

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

-2-

court varied upward because of the serious nature of the crime, Martinus's criminal history, the need to deter Martinus from future crimes, and a need to protect the public. The district court sentenced Martinus to eighty-five months of imprisonment.

Maurice pleaded guilty pursuant to a written plea agreement to conspiracy to commit wire fraud. The plea agreement prevented the government from seeking a sentence higher than the guidelines range as calculated by the district court. Maurice was sentenced by the district court after Martinus, but on the same day. The district court applied a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for Maurice's role as a manager or supervisor and subsequently calculated Maurice had an offense level of 13, a criminal history category of VI, and a guidelines range of 33-41 months. The government breached the plea agreement and asked for a sentence of at least eighty-five months, arguing Maurice was the primary motivator of the conspiracy and had a criminal history category similar to Martinus, thus making a sentence of less than eighty-five months of imprisonment disproportionate to the sentence imposed on Martinus. The district court varied upward because of Maurice's criminal history and his role as the leader of the conspiracy and sentenced Maurice to eighty-five months of imprisonment.

II

We review the substantive unreasonableness of sentences "under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. VandeBrake, 679 F.3d 1030, 1037 (8th Cir. 2012) (internal quotation marks and citation omitted). When arguments were not raised below, they are reviewed for plain error. United States v. Smith, 573 F.3d 639, 659 (8th Cir. 2009). Under plain error review, it is the defendant's burden to prove (1) there was error, (2) that was plain, and (3) affected substantial rights. United States v. Burnette, 518 F.3d 942, 947 (8th

Cir. 2008) (citing Johnson v. United States, 520 U.S. 461, 466-67 (1997); Fed. R. Crim. Pro. 52(b)).

## A

Martinus contends his sentence of eighty-five months is substantively unreasonable. A sentence may be unreasonable if the district court fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). A district court is required to impose a sentence which is "sufficient, but not greater than necessary" to satisfy the statutory goals of sentencing. 18 U.S.C. § 3553(a). A district court must consider the guidelines range, but may vary from the range to "tailor the sentence in light of the other statutory concerns" of § 3553(a). United States v. Booker, 543 U.S. 220, 245-46 (2005). If a district court varies from the advisory guidelines range, the sentence can be reasonable so long as the district court offers appropriate justification under the factors of § 3553(a). United States v. Plaza, 471 F.3d 876, 879 (8th Cir. 2006). "The greater the variance from the advisory guidelines range, the greater the justification must be for that variance." Id.

The district court gave four reasons for varying upward from the guidelines range: (1) the serious nature of the crime, (2) Martinus's criminal history, (3) the need to deter Martinus from future crimes, and (4) a need to protect the public. All were permissible reasons for varying from the guidelines. See 18 U.S.C. § 3553(a). The primary justification behind the upward variance was Martinus's significant criminal history of fraud. The district court noted Martinus had twenty-eight criminal history points, but the guidelines stops counting criminal history points at thirteen, thus a significant portion of Martinus's criminal history was not taken into account in the guidelines calculation. We find no basis for concluding the sentence is unreasonable. The district court considered appropriate factors in varying from the guidelines and

-4-

adequately explained its sentence. See, e.g., United States v. Hill, 552 F.3d 686, 690-92 (8th Cir. 2009) (affirming an above-guidelines sentence where the district court adequately explained its sentence, noting the sentencing judge is in a "superior position" to evaluate the facts of any given case and judge their significance against the § 3553(a) factors).[2]

## B

Maurice argues the plea agreement should be unenforceable because the government breached the agreement, the district court committed procedural error by improperly calculating Maurice's guidelines range, and the district court imposed a substantively unreasonable sentence.

Maurice argues the plea agreement should be deemed unenforceable because the government breached the plea agreement. Maurice waived his right to appeal as part of his plea agreement; however, because the government breached the plea agreement, the appeals waiver is unenforceable. United States v. Lovelace, 565 F.3d 1080, 1084 (8th Cir. 2009). When a defendant seeks to avoid an appeal waiver contained in a plea agreement by arguing, for the first time on appeal, the government breached the plea agreement, we review the forfeited and related claims under plain error analysis. Id. at 1086. To show the breach affected his due process rights, Maurice "must show that his sentence was affected by the breach." Id. at 1088. In other words, Maurice must show a "reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc) (quotations omitted).

---

[2]We have examined the other issues raised by Martinus in his *pro se* filings but find no other claims merit discussion. Therefore, we affirm those issues without comment. See 8th Cir. R. 47B.

The plea agreement did not bind the district court, and, reviewing the record, there is no indication that, but for the government's comments, the district court would not have varied upward. The district court acknowledged Maurice had a lesser criminal history than his brother, but also focused on Maurice being a leader and Maurice, unlike Martinus, having violent felonies in his criminal history. The district court did not vary as substantially upward with Maurice as with Martinus, but the district court made clear it viewed the brothers as equally culpable in the conspiracy. The district court stated to Maurice, "I believe that you deserve the same punishment as your brother based upon [the fact that] his criminal history is worse than yours, [and] the fact that you were a manager/supervisor." Because the district court would have sentenced Maurice to the same sentence even without the government's breach of the plea agreement, we cannot say the breach of the plea agreement requires reversal under the plain error standard.

On appeal, Maurice argues for the first time the district court committed procedural sentencing error. Maurice does not contest he deserves a three-level enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor. Maurice instead argues Martinus had an equal role in supervising and planning the conspiracy and the district court erred by focusing on Maurice as a leader but not Martinus as a leader. And, ultimately, because Martinus had a more substantial criminal history, the court erred in sentencing Maurice to the same term of imprisonment as Martinus. Even though Maurice had a lesser criminal history than Martinus, Maurice's guidelines range was higher and the district court varied upward less with Maurice than with Martinus. See Plaza, 471 F.3d at 879 (noting a greater variance from the advisory guidelines range requires a greater justification). The district court sufficiently explained the defendant-specific facts relevant to sentencing Maurice and the district court did not plainly err in sentencing Maurice to the same term of imprisonment as Martinus.

Finally, Maurice contends his sentence of eighty-five months is substantively unreasonable.  During the sentencing hearing, the district court noted Maurice had a substantial criminal history, including a history of fraud crimes and violent felonies; noted Maurice had not been deterred by a number of short sentences; and noted Maurice was a supervisor of the conspiracy.  These are permissible reasons for varying from the guidelines.  <u>See</u> 18 U.S.C. § 3553(a).  We find no basis for concluding the sentence is unreasonable.  <u>See, e.g.</u>, <u>Hill</u>, 552 F.3d at 690-92.

III

Accordingly, we affirm both sentences.

_____