United States Court of Appeals

For the Eighth Circuit

_____

No. 14-3710

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Spies

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 14, 2015
Filed: February 8, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Ronald Spies pleaded guilty to a one-count indictment for conspiracy to manufacture methamphetamine. The district court[1] imposed a sentence of 201

_____

[1]The Honorable Linda R. Reade, Chief Judge for the United States District Court for the District of Northern Iowa.

months of imprisonment. Spies appeals the reasonableness of his sentence. We affirm.

I

Spies was involved, at least sporadically, in a conspiracy to manufacture methamphetamine from approximately August 2011 until September 2013. This conspiracy was the basis of his conviction for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. At sentencing the district court calculated a United States Sentencing Guidelines Manual ("U.S.S.G.") range of 188 to 235 months of imprisonment. Spies requested a sentence of 188 months, asking the district court to take into consideration Spies's advanced age at the time of sentencing (fifty-eight years old) and Spies's good-faith effort to cooperate with the government.

The district court noted it "ha[d] carefully considered each and every factor under 18 United States Code Section 3553(a)." The district court then specifically discussed the sentences of Spies's co-defendants; the nature and circumstances of the crime; Spies's personal characteristics, including his age; and Spies's histories of substance abuse and criminal conduct. The district court did not discuss Spies's cooperation with law enforcement, and although the district court mentioned Spies's age, the district court did not discuss any impact of Spies's age on the sentence. The district court imposed a sentence of 201 months of imprisonment, which "primarily result[ed] from his criminal history score and the number of felonies of which he's been convicted."

Spies appeals the reasonableness of the sentence imposed, arguing the district court failed to consider relevant factors which should have received significant weight in determining a sentence.

## II

"We review the substantive unreasonableness of sentences under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Sayles, 754 F.3d 564, 567 (8th Cir. 2014). "A sentence may be unreasonable if the district court fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment." Id. A district court is required to impose a sentence which is "sufficient, but not greater than necessary" to satisfy the statutory goals of sentencing. 18 U.S.C. §3553(a). This court may consider a sentence within the advisory guidelines range as presumptively reasonable. United States v. Rubashkin, 655 F.3d 849, 869 (8th Cir. 2011). "[T]he burden is upon [Spies] to show that the sentence should have been lower, considering the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006).

Spies contends his sentence of 201 months is substantively unreasonable. Spies argues the district court failed to take into account two relevant factors: Spies's advanced age and Spies's cooperation with law enforcement, and instead focused exclusively on Spies's substantial criminal history. Before the district court, Spies argued his sentence should be lower given these two factors. Although the district court acknowledged those arguments, it did not engage in any discussion about the factors and instead engaged in a discussion about only Spies's very substantial criminal history.

We have previously held that "where the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors" in the imposition of sentence. United States v. Keating, 579 F.3d 891,

893 (8th Cir. 2009) (citing <u>United States v. Miles</u>, 499 F.3d 906, 909 (8th Cir. 2007)). The sentencing record demonstrates the district court was aware of Spies's age and heard argument from counsel about Spies's cooperation, so we are satisfied the district court took into consideration those arguments as well as the § 3553(a) factors. Morever, it was not unreasonable for the district court to rely heavily on Spies's substantial criminal history.  <u>See</u> <u>Sayles</u>, 754 F.3d at 568.  Therefore, we find the sentence is not substantively unreasonable.

III

Accordingly, we affirm the sentence.

_____