# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1790

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Douglas Edwards

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: February 29, 2016
Filed: April 14, 2016

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Scott Douglas Edwards pleaded guilty to one count of felon in possession of a firearm. The district court[1] imposed a sentence of 108 months of imprisonment.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the District of Southern Iowa.

Edwards appeals the calculation of his guidelines sentencing range and the reasonableness of his sentence.  We affirm.

I

On March 19, 2014, Edwards got into an online dispute with Mark Gines.  The dispute was in regards to a woman with whom both Edwards and Gines had fathered children.  Edwards and Gines made arrangements to meet at a specific location in order to fight.  Jerome Wilson, Edwards's brother, drove Edwards to the location of the fight.  Upon arrival, Edwards saw Gines in a vehicle and began shooting at Gines; the two cars exchanged multiple shots.

Wilson drove away from the scene with Edwards still in the vehicle.  After a police car attempted to stop Wilson's vehicle, a high-speed chase occurred.  During the chase, Edwards jumped out of the vehicle with the gun and continued to flee on foot.  Wilson eventually stopped his vehicle and surrendered to law enforcement.  Edwards was arrested later the same day.  The next day, law enforcement recovered the gun Edwards used and later matched Edwards's DNA to blood found on the gun.  At the time of the incident, both Edwards and Wilson had prior felony convictions.

Edwards and Wilson were indicted for being felons in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Edwards and Wilson were detained at the same jail, but prohibited from communicating.  Edwards sent two separate letters to Wilson by sending the letters to a third-party outside of the jail, who then mailed the letters to Wilson.  Both letters asked Wilson to provide an alibi and a story as to how Edwards's blood ended up on the gun.  Wilson declined to provide an alibi for Edwards and instead pleaded guilty.

Edwards pleaded guilty pursuant to a plea agreement.  At sentencing the district court calculated a United States Sentencing Guidelines Manual ("U.S.S.G.")

offense level of 25 and a criminal history category of VI, leading to an advisory guideline range of 110 to 120 months. In arriving at this calculation, the district court overruled Edwards's objection to a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (2014). The district court, after "consider[ing] all of the factors under § 3553(a)," determined a sentence of 120 months, the top of the guidelines, was appropriate. Based on a departure not relevant to this appeal, the district court reduced the sentence to 108 months of imprisonment.

Edwards appeals the district court's guidelines calculation as well as the reasonableness of the sentence.

II

Edwards argues the district court erred in imposing his sentence. When we review a sentence, we "must first ensure that the district court committed no significant procedural error," such as improperly calculating the guideline range. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In the absence of procedural error, we "then consider the substantive reasonableness of the sentence." Id.

Edwards argues the district court committed procedural error by improperly calculating his guideline range when it imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. See Feemster, 572 F.3d at 461 ("Procedural error includes failing to calculate (or improperly calculating) the Guidelines range . . . ."). "When reviewing the district court's calculation of the sentencing guidelines advisory sentencing range, [w]e review the district court's factual findings for clear error and its construction and application of the Guidelines de novo." United States v. Beckman, 787 F.3d 466, 494 (8th Cir.), cert. denied, 136 S. Ct. 160 (2015) (alteration in original).

Section 3C1.1 instructs a district court to increase the offense level by two levels if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. The district court applied the enhancement based on the letters Edwards sent to Wilson, which the district court determined were attempts to influence a witness.

Edwards does not challenge the factual findings of the district court, but rather argues the obstruction of justice enhancement cannot be applied when a defendant tried to obstruct justice, but the government suffered no prejudice. Edwards admits § 3C1.1 includes the language of "attempt," but argues a mere attempt to obstruct justice, without a showing of prejudice to the government, is always insufficient for application of the enhancement. We disagree.

Application note 4 to § 3C1.1 is a non-exhaustive list of examples of the types of conduct to which the enhancement applies. The PSR noted Edwards's conduct fell under example (B), which includes "*attempt*[] to suborn testimony." U.S.S.G. § 3C1.1 cmt. 4(B) (emphasis added). At sentencing, the district court discussed Edwards's actions as if they qualified under example (A), which includes "unlawfully influenc[ing] a co-defendant . . . *or attempting to do so*." U.S.S.G. § 3C1.1 cmt. 4(B) (emphasis added). As such, the language of § 3C1.1 and the language of the relevant examples all contemplate attempt is sufficient.

Edwards, however, argues that because this Court has required prejudice to the government in some cases under § 3C1.1, prejudice must be required in all cases. Edwards is correct that example (G), which lists as a qualifying action "providing a materially false statement to a law enforcement officer *that significantly obstructed or impeded* the investigation or prosecution of the instant offense," does require

prejudice. U.S.S.G. § 3C1.1 cmt. 4(G) (emphasis added). However, we have already determined the examples of conduct listed in application note 4 are meant to be considered separately, and whether attempt is sufficient is determined by the conduct of the defendant in relation to an example provided in the guidelines. United States v. Adejumo, 772 F.3d 513, 529 (8th Cir. 2014), cert. denied sub nom Okeayainneh v. United States, 135 S.Ct. 2883 (2015) ("[A]n attempt may be sufficient for other types of obstructive conduct listed in application note 4 to U.S.S.G. § 3C1.1, [but conduct under example (G)] requires that an investigation actually be impeded in some way."). Because Edwards's conduct falls under examples (A) and (B), which authorize imposition of the enhancement for attempt, imposition of the two-level enhancement under § 3C1.1 is proper.

Edwards next argues his sentence of 108 months is unreasonable. "We review the substantive unreasonableness of sentences under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Sayles, 754 F.3d 564, 567 (8th Cir. 2014). "A sentence may be unreasonable if the district court fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment." Id. This court may consider a sentence within the advisory guidelines range as presumptively reasonable. United States v. Rubashkin, 655 F.3d 849, 869 (8th Cir. 2011).

Edwards argues the district court relied too heavily on the conduct of the offense and failed to take into account Edwards's history, characteristics, and chance of rehabilitation. The district court noted it considered all of the factors under § 3553(a), including the history and characteristics of the defendant. The district court noted Edwards's difficult life and criminal history, and further determined protection of the public was a major concern. Based on this discussion, we are

satisfied the district court did not give weight to an improper factor or fail to give weight to a relevant factor. Therefore, we find the sentence is not substantively unreasonable.

III

Accordingly, we affirm the sentence.

_____