# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2008

_____

United States of America

*Plaintiff - Appellee*

v.

Jody Lee Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 9, 2017
Filed: June 12, 2017

_____

Before RILEY and BEAM, Circuit Judges, and ROSSITER,[1] District Judge.

_____

ROSSITER, District Judge.

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska, sitting by designation.

Jody Lee Davis ("Davis") appeals from the district court's[2] decision to impose a 210-month prison sentence and recommend that his federal sentence be served consecutively to potential future state court sentences. For the reasons stated below, we affirm Davis's sentence.

## I.    BACKGROUND

In 2012 and 2013, Davis was convicted in Iowa state court of numerous crimes, including one count of identity theft, one count of burglary, two counts of theft, and ten counts of forgery. On February 4, 2015, an Iowa state court sentenced Davis to suspended sentences for all of those crimes and placed him on probation.

After being indicted in federal court on methamphetamine charges, Davis pled guilty on November 16, 2016 to Attempted Manufacture and Aiding and Abetting the Manufacture of Methamphetamine. Davis was sentenced on April 12, 2016. At the time of sentencing, probation-revocation proceedings were pending in Iowa state court based on the methamphetamine arrest. After discussing the 18 U.S.C. § 3553(a) factors, the district court noted that state-court probation revocation proceedings were pending but specifically stated, "I did not consider the pending cases in deciding on a disposition." The district court sentenced Davis to 210 months in prison, recommending to the Bureau of Prisons that the sentence be served consecutively to any term of state imprisonment resulting from the probation revocation.

It is clear that the district court has the discretion to "order that [Davis's] sentence run consecutively to his anticipated state sentence in the probation revocation proceeding." *Setser v. United States*, 566 U.S. 231, 244-45 (2012). This case presents the novel issue of whether it is error for a district court to explicitly not

_____

[2]The Honorable Linda R. Reade, United States District Court for the Northern District of Iowa.

consider the possibility of a state court sentence when ordering that a federal sentence be consecutive to any possible state-court sentence.

## II.    DISCUSSION

Davis argues his sentence is substantively unreasonable because the district court failed to consider the potential state prison time.  The government claims that Davis's argument is really one of procedural error.[3]   After careful review, we conclude the district court neither procedurally erred in determining Davis's sentence nor imposed a substantively unreasonable sentence.

### A.    Standards of Review

Because Davis failed to object to any procedural error, we review for plain error.  *United States v. Cottrell*, 853 F.3d 459, 462 (8th Cir. 2017).  "To establish plain error, [a defendant] must prove (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." *Id*. (quoting *United States v. Grimes*, 702 F.3d 460, 470 (8th Cir. 2012)).

"We review the substantive unreasonableness of sentences under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Edwards*, 820 F.3d 362, 366 (8th Cir. 2016) (quoting *United States v. Sayles*, 754 F.3d 564, 567 (8th Cir. 2014)).  "A sentence may be unreasonable if the district court fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment." *Id*.

---

[3]Davis insists his claim is based solely on substantive unreasonableness.

**B.    Procedural Error**

Davis claims United States Sentencing Guideline § 5G1.3 obligates the district court to examine the length of potential future state terms of imprisonment. According to Davis, by failing to perform this examination, the district court violated the requirement in 18 U.S.C. § 3553(a) to craft "a sentence sufficient, but not greater than necessary, to comply with purposes" of sentencing.  Davis provides no authority to support his novel interpretation of § 5G1.3.

Section 5G1.3(a) applies when "the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment."  In both cases, the sentences should run consecutively.  Whether or not § 5G1.3(a) applies, the district court could not have violated it by imposing the sentence consecutively.[4]

The next two subsections of § 5G1.3, (b) and (c), deal with situations where the other term of imprisonment results from relevant conduct to the instant offense of conviction.  These subsections do not apply because the prior convictions for theft, burglary, and forgery are not relevant conduct to the making of methamphetamine, and the fact that an offense also results in a revocation of probation "does not make the state conviction 'relevant conduct' to the federal conviction."  *United States v. Jones*, 628 F.3d 1044, 1049 (8th Cir. 2011).[5]

---

[4]This subsection could arguably be applicable in this case because the crimes were committed after the imposition of a suspended sentence but before Davis began serving it.  *See United States v. Murphy*, 69 F.3d 237, 246 n.8 (8th Cir. 1995).

[5]The district court did make the federal sentence concurrent to any sentence imposed in two state court cases involving relevant conduct, that is, the manufacture of methamphetamine and the possession of drug paraphernalia.

-4-

Davis turns to the final subsection, § 5G1.3(d), which provides, "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."[6] *See* 18 U.S.C. § 3584. He argues that § 5G1.3(d) requires the district court to at least consider the potential state term of imprisonment. However, by its express language, this subsection only applies to cases where there are currently existing undischarged terms of imprisonment, not potential future terms of imprisonment. *See Setser*, 566 U.S. at 237-39 (acknowledging that § 3584 does not apply to scenarios in which the state term of imprisonment has not yet been imposed).

Davis has failed to provide any authority requiring the district court to weigh the possibility of future state prison terms. The district court considered all the relevant § 3553(a) factors "available at the time of sentencing." *Setser*, 566 U.S. at 244. The district court did not err by expressly not considering the fact that Davis's probation could possibly be revoked.

## C.    Substantive Unreasonableness

Davis argues his sentence is substantively unreasonable because the district court failed to consider the relevant § 3553(a) factors. "Because we previously concluded the district court considered all of the § 3553(a) factors, [Davis's] substantive unreasonableness argument is without merit." *United States v. Lewis*, 557 F.3d 601, 615 (8th Cir. 2009).

---

[6]Application Note 4(c) to § 5G1.3(d) recommends that the federal sentence run consecutively to a state sentence imposed after revocation of probation. While this note only specifically applies to cases where the state revocation occurs before the federal sentencing, the purpose of punishing crimes more seriously when committed during probation would still apply in this case.

## III.   CONCLUSION

We affirm Davis's sentence.

_____