# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1327

_____

United States of America

*Plaintiff - Appellee*

v.

Devon Guice

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2019
Filed: June 4, 2019

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Devon Guice pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] applied the four-level enhancement under U.S. Sentencing Guidelines § 2K2.1(b)(6)(B) for using or

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

possessing a firearm in connection with another felony. It calculated an advisory Guidelines range of 100 to 120 months' imprisonment and sentenced Guice to 120 months. Guice appeals, arguing that he did not use or possess the firearm in connection with another felony. The government has moved to dismiss Guice's appeal, contending that he waived his right to appeal this issue as part of his plea agreement. We will enforce the waiver and dismiss Guice's appeal.

"As a general rule, a defendant is allowed to waive appellate rights." United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." Id. at 889–90. "Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." Id. at 890. It is the government's burden to prove that the plea agreement clearly and unambiguously waives a defendant's right to appeal, and we construe any ambiguities in the agreement against the government. United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009).

In relevant part, the plea agreement provides:

> In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, as it relates to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

The district court accepted Guice's plea, determined the applicable Guidelines range, and imposed a within-Guidelines sentence. In these circumstances, Guice's attempt

to contest an enhancement unrelated to criminal history falls within the plain language of the waiver. See, e.g., United States v. McIntosh, 492 F.3d 956, 959–60 (8th Cir. 2007).

We also conclude that Guice's waiver was knowing and voluntary. "We look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant willfully agreed to its terms." United States v. Michelsen, 141 F.3d 867, 871 (8th Cir. 1998). Guice contends that his waiver was not knowing and voluntary because the district court never explained the consequence of forfeiting his right to appeal when certain enhancements remained in dispute. But Guice does not dispute that he signed the plea agreement—which provides that his counsel fully apprised him of his appeal rights—of his own volition. And at the plea hearing the district court read the appeal waiver aloud and confirmed that Guice understood that it restricted his right to appeal to very limited circumstances. The district court also explained how Guice's Guidelines range would be calculated and Guice's counsel clarified that the only Guidelines issue the parties had agreed upon was a three-level reduction for acceptance of responsibility. These statements indicated to Guice that there was disagreement as to his Guidelines range, that the district court would resolve that dispute, and that he would be waiving his right to appeal a sentence within the Guidelines range calculated by the district court. Under the circumstances, we are satisfied that Guice's waiver was knowing and voluntary. See, e.g., United States v. Valencia, 829 F.3d 1007, 1011 (8th Cir. 2016).

We reject Guice's argument that the agreement is void for lack of consideration. "Plea agreements are contractual in nature, and should be interpreted according to general contract principles." United States v. DeWitt, 366 F.3d 667, 669 (8th Cir. 2004). In exchange for his plea, the government agreed not to file any additional charges against Guice "arising out of the events set forth in the indictment," to limit its rights to appeal, and to move to deduct an additional level for acceptance of responsibility in the event that the district court determined the two-

level reduction under USSG § 3E1.1(a) applied. Guice may be right that, as a practical matter, he ultimately received little additional benefit from entering the plea agreement rather than entering a "straight up" guilty plea. But the government's promises constitute consideration and therefore we cannot conclude that the plea agreement is void for lack of consideration. See United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001).

Finally, we conclude that enforcing Guice's waiver in this appeal would not result in a miscarriage of justice. On appeal, Guice argues that the district court impermissibly relied on double and triple hearsay evidence to apply the four-level § 2K2.1(b)(6)(B) enhancement and that it would be a miscarriage of justice to enforce the appeal waiver as a result. But mere misapplication of the Guidelines does not render the enforcement of an appeal waiver a miscarriage of justice. See Andis, 333 F.3d at 892. Under the circumstances, no miscarriage of justice will result if we enforce the appeal waiver.

Accordingly, we dismiss Guice's appeal.

_____