# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1386
_____

United States of America

*Plaintiff - Appellee*

v.

William Soward, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 10, 2022
Filed: April 15, 2022
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

William Soward, Jr. violated the terms of his supervised release by failing to register as a sex offender. The district court[1] revoked his supervised release and imposed a below-Guidelines sentence of 9 months in prison, plus 48 months of supervised release. Soward appeals that sentence, arguing that it is substantively unreasonable. We affirm.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). "A sentence may be unreasonable if the district court fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment." United States v. Davis, 859 F.3d 572, 574 (8th Cir. 2017) (quotation omitted). "[I]t is nearly inconceivable that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence." United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) (quotation omitted).

After careful review of the record and the parties' arguments on appeal, we find no basis for reversal. The transcript of the sentencing hearing demonstrates that the district court thoughtfully considered Soward's mitigating factors, such as his negative drug tests, employment history, and drug addiction. But the court concluded that those mitigating factors were outweighed by his aggravating factors, such as not telling the Probation Office where he was living, skipping drug tests, and his lengthy criminal history. That is not an abuse of discretion. See United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021) ("[Defendant]'s assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

court chose to weigh the § 3553(a) factors in fashioning his sentence."). We accordingly affirm the judgment of the district court.[2]

_____

[2]According to the Federal Bureau of Prisons website, Soward was released from federal custody on October 18, 2021. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/. Typically, this would moot his appeal. See United States v. Hill, 889 F.3d 953, 954 (8th Cir. 2018) (holding defendant's appeal of sentence was rendered moot by his release from federal custody). However, Soward's appeal challenges both his term of imprisonment *and* his term of supervised release. Accordingly, Soward's appeal is not moot. See United States v. Maken, 510 F.3d 654, 656 n.3 (6th Cir. 2007) ("Even when an appellant has been released from custody, his case is not moot so long as the appeal potentially implicates the length of the appellant's supervised release term.") (quotation omitted).