# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-3863
_____

United States of America

*Plaintiff   Appellee*

v.

Rene Lugo-Barcenas

*Defendant   Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: December 12, 2022
Filed: January 13, 2023
_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.
_____

ARNOLD, Circuit Judge.

Rene Lugo-Barcenas pleaded guilty to conspiring to distribute at least 50 grams of a mixture or substance containing methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and as part of his plea agreement he agreed to waive some of his rights to appeal his conviction and sentence. He nonetheless appeals his sentence, arguing

that the district court[1] erred in applying the Sentencing Guidelines despite their harsh and disparate treatment of methamphetamine offenders, erred in treating the Guidelines as mandatory, and imposed an unreasonable sentence. We conclude that the appeal waiver bars most of his appeal. As for the remainder, we affirm.

At Lugo-Barcenas's sentencing hearing, the parties disputed the amount of methamphetamine attributable to him for purposes of calculating the Guidelines's recommended sentencing range. Defense counsel maintained "that the methamphetamine guidelines . . . are unduly harsh" and so objected "to the guidelines in general." When the court asked defense counsel whether her contentions weren't "really more arguments as to what's a reasonable and appropriate sentence" since "the guidelines are the guidelines," defense counsel responded that the court was "absolutely correct." But before the court completed its calculation of the Guidelines range, defense counsel again objected to the use of the methamphetamine guidelines, to which the court responded, "I believe that it's my obligation to apply the sentencing guidelines as they're set forth, and you're asking me to ignore that or to find that . . . I am not required to make a calculation pursuant to the guidelines, and I'm not going to do that. So I guess that objection or whatever it is is denied." The court calculated the recommended sentencing range to be 168–210 months' imprisonment and, after defense counsel again argued that the Guidelines treat methamphetamine offenders too harshly, the court imposed a sentence at that bottom of that range.

The government maintains that we should enforce the appeal waiver in the parties' plea agreement and dismiss the entire appeal. As relevant, that agreement provides that Lugo-Barcenas "expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of . . . an illegal sentence." It then states that "[a]n 'illegal sentence' includes a sentence imposed in excess of the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." The government bears the "burden to prove that the plea agreement clearly and unambiguously waives a defendant's right to appeal, and we construe any ambiguities in the agreement against the government." *See United States v. Guice*, 925 F.3d 990, 992 (8th Cir. 2019).

Lugo-Barcenas offers two primary lines of argument to support his assertion that the district court erred by applying the methamphetamine guidelines at sentencing. The first largely mirrors the contentions made at sentencing, namely, that the Guidelines's treatment of methamphetamine offenders is too harsh and produces unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). We agree with the government that this contention falls within the scope of the appeal waiver and does not involve an "illegal sentence" as the plea agreement describes that phrase. The agreement explains that an illegal sentence does not include the "misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." As defense counsel appeared to concede at sentencing, the argument that the district court should have discounted or disregarded the methamphetamine Guidelines because they are unduly harsh and result in unwarranted disparities is an argument that goes to the unreasonableness of the sentence that the court selected, an issue that Lugo-Barcenas agreed not to appeal. We therefore dismiss Lugo-Barcenas's appeal as to this line of argument.

The second line of argument that Lugo-Barcenas raises is one that he did not make at sentencing—that the Guidelines's treatment of offenders caught with pure methamphetamine violates the equal-protection component of the Fifth Amendment's Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954). To understand why, we offer a brief explanation. When calculating a defendant's recommended sentencing range, the Guidelines consider the type and quantity of drugs involved, and they distinguish between pure methamphetamine and mixtures

containing methamphetamine. *See* USSG § 2D1.1(c). Offenders caught with pure methamphetamine are treated as having a drug quantity ten times as much as those caught with mixtures containing methamphetamine. So for example, ten grams of pure methamphetamine is treated the same for sentencing purposes as one hundred grams of a methamphetamine mixture. *See United States v. Cuthbert*, 419 F. Supp. 3d 1265, 1266 (D. Idaho 2019). The Guidelines explain that a controlled substance's purity "is probative of the defendant's role or position in the chain of distribution," and since controlled substances are often diluted as they pass down the chain of distribution, "the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." *See* USSG § 2D1.1 app. n. 27(C).

Lugo-Barcenas maintains that the difference in treatment between pure methamphetamine and mixtures of methamphetamine no longer has any rational basis because today's methamphetamine is almost always pure, and so whether a methamphetamine offender gets treated more harshly than others often comes down to whether seized methamphetamine is laboratory-tested to confirm it is pure. The decision to conduct laboratory testing, he says, has little to do with an offender's perceived culpability, and so methamphetamine purity is no longer an accurate gauge of a trafficker's role in a drug conspiracy as the Guidelines suggest it once was.

Does the waiver in the plea agreement bar Lugo-Barcenas's equal-protection argument? Lugo-Barcenas says that he is attacking an illegal sentence, and so this contention is outside the scope of the appeal waiver. We agree. We ordinarily define an illegal sentence as a sentence that exceeds the statutory maximum. *See, e.g.*, *United States v. Valencia*, 829 F.3d 1007, 1011 (8th Cir. 2016). But the plea agreement here suggests that the parties had a broader meaning in mind: It says that an illegal sentence "includes" a sentence that exceeds the statutory maximum and then describes certain categories that are not included. As we have explained when confronted with a similarly worded appeal waiver, "[t]he language thus implies that

there exists a range of sentencing errors and that not all of those errors fall within the scope of the waiver." *See United States v. Bradford*, 806 F.3d 1151, 1154–55 (8th Cir. 2015). And since the defendant in that case "argued that his constitutional rights were violated at sentencing," we thought it "might bring his sentence within the appeal waiver's definition of illegal sentence," meaning that the government failed to carry its burden to show that the agreement clearly and unambiguously applied. *See id.* at 1155. So too here. We therefore decline to enforce the waiver as to Lugo-Barcenas's constitutional argument.

But since Lugo-Barcenas did not present his constitutional argument to the district court, we review it for plain error. *See United States v. Fisher*, 25 F.4th 1080, 1087 (8th Cir. 2022). Even assuming that the district court erred in not *sua sponte* declaring the relevant methamphetamine Guidelines unconstitutional, we conclude that any error was not plain. Lugo-Barcenas has cited scattered opinions from district courts across the country that take issue with the difference in treatment between those caught with pure methamphetamine and those with mixtures containing methamphetamine, but he hasn't shown that any of these courts held the relevant Guidelines unconstitutional. Those decisions instead appear to come from district courts that have taken these matters into consideration when selecting a sentence. Lugo-Barcenas has not pointed to any Supreme Court or circuit court authority to support his contention. The question he raises is perhaps novel, but it does not give rise to a clear or obvious answer in his favor. So we detect no plain error here and reject his contention.

Lugo-Barcenas next maintains that the district court treated the Guidelines as mandatory or presumptively reasonable when it said that "I believe that it's my obligation to apply the sentencing guidelines as they're set forth." We think this contention falls within the part of the waiver that bars appeals of "less serious sentencing errors, such as a misapplication of the Sentencing Guidelines." He is essentially arguing that the court applied the Guidelines when it shouldn't have, i.e.,

that it misapplied the Guidelines. Lugo-Barcenas attempts to apply a constitutional gloss to this argument to rescue it from the appeal waiver, but since he does so only in his reply brief, his effort comes too late as we do not generally review arguments first raised in a reply brief. *See United States v. Darden*, 915 F.3d 579, 586 n.9 (8th Cir. 2019).

Finally, Lugo-Barcenas says that the district court failed to consider the § 3553(a) sentencing criteria adequately, and he explains how many of these criteria could be viewed in his favor. This looks to be a roundabout way of asking for review of the substantive reasonableness of his sentence. But because the appeal waiver precludes appeal of the court's "abuse of discretion, or the imposition of an unreasonable sentence," we dismiss this claim of error.

Affirmed in part and dismissed in part.

_____