# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1186
_____

United States of America

*Plaintiff - Appellee*

v.

Lacee Tuttle

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 18, 2022
Filed: March 22, 2023
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

KELLY, Circuit Judge.

Lacee Tuttle pleaded guilty to one count of possession with intent to distribute methamphetamine, and the district court[1] imposed a sentence of 71 months of imprisonment. Tuttle appeals, asserting that the government violated the terms of

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

the plea agreement, rendering her appeal waiver invalid, and that the district court procedurally erred when determining her advisory Guidelines range.

## I.

Tuttle was indicted in June 2020 on two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and two counts of tampering with evidence, in violation of 18 U.S.C. § 1512(c)(1). The day before her trial was set to begin, the parties entered a plea agreement. Tuttle agreed to plead guilty to an information charging her with a single count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and she admitted to "knowingly" being in possession of "approximately 13 grams of methamphetamine" and that she "intended to distribute at least some of the methamphetamine to another individual." The government, in turn, agreed to dismiss the four-count indictment. The plea agreement also provided in relevant part:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, . . . including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the [district court's] entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed . . . ."

In the Presentence Investigation Report, the Probation Office recommended that Tuttle receive a three-level reduction in her offense level for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1 (2018),[2] which

---

[2]USSG § 3E1.1(a) provides for a two-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." A defendant who qualifies for this two-level reduction can receive an additional one-level reduction "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." USSG § 3E1.1(b).

resulted in a recommended advisory Guidelines range of 57 to 71 months of imprisonment.

At sentencing, the government objected to the acceptance-of-responsibility adjustment based on Tuttle's post-plea conduct, which included failing to appear at a court hearing, testing positive for methamphetamine, failing to participate in random drug testing in the weeks leading up to her sentencing hearing, and attempting to withdraw her guilty plea. The district court sustained the objection and calculated a Guidelines range of 77 to 96 months of imprisonment. The district court acknowledged that had Tuttle received a reduction for acceptance of responsibility, her Guidelines range would have been 57 to 71 months. It then imposed a sentence of 71 months' imprisonment followed by three years of supervised release. The court explained that 71 months was "the right sentence regardless of how [it] would have ruled on the other matters" raised at sentencing and that, "even if [it] had . . . given [Tuttle] . . . acceptance of responsibility, [she]'d still get 71 months." Tuttle timely appealed.

## II.

On appeal, Tuttle argues that the district court improperly denied her a three-level downward adjustment for acceptance of responsibility under USSG § 3E1.1. The government asserts that Tuttle's appeal is barred by the appeal waiver in the plea agreement. Tuttle counters that the appeal waiver is unenforceable because the government breached the plea agreement "by first agreeing to a reduction based on acceptance of responsibility but then later objecting to" that reduction at sentencing "based on statements" Tuttle made "prior to and at" her change-of-plea hearing. The preliminary question, therefore, is whether the government did, in fact, breach the plea agreement "such that" Tuttle's appeal "may proceed." United States v. Beston, 43 F.4th 867, 873 (8th Cir. 2022).

We have recognized that "an appeal waiver is unenforceable when the Government breaches [a] plea agreement." United States v. Raifsnider, 915 F.3d

1186, 1188 (8th Cir. 2019) (per curiam); see United States v. Brown, 5 F.4th 913, 915 (8th Cir. 2021). Accordingly, Tuttle's appeal waiver "does not prevent us from reviewing [her] claim that the plea agreement" here "was breached." Beston, 43 F.4th at 873 (quoting Brown, 5 F.4th at 915). But because Tuttle failed to raise the government's alleged breach before the district court, we review for plain error. See United States v. Sayles, 754 F.3d 564, 568 (8th Cir. 2014) ("When a defendant seeks to avoid an appeal waiver contained in a plea agreement by arguing, for the first time on appeal, the government breached the plea agreement, we review the forfeited and related claims under plain error analysis."). To prevail under plain-error review, Tuttle must show (1) there was error, (2) that was plain, and (3) that affected substantial rights. Id. at 567. "If all three conditions are met, we may remedy the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Beston, 43 F.4th at 873 (cleaned up) (quoting United States v. Lovelace, 565 F.3d 1080, 1087 (8th Cir. 2009)).

With respect to acceptance of responsibility, the plea agreement stated the following:

> If the defendant is found to be entitled to an offense level reduction under U.S.S.G. [§] 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the [district] court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

The language of this provision confirms that, contrary to Tuttle's assertion otherwise, the government did not stipulate in the plea agreement that an acceptance-of-responsibility adjustment should apply. See United States v. Manzano-Huerta, 809 F.3d 440, 444 (8th Cir. 2016) ("We interpret plea agreements according to their plain language."). Nor did the government agree to withhold its objection to such an adjustment. Instead, the government committed to moving for an additional one-level reduction "[i]f" Tuttle was first "found" by the district court "to be entitled to" a two-level reduction under § 3E1.1(a). See USSG § 3E1.1(b) (providing that a defendant can receive an additional one-level reduction for acceptance of

-4-

responsibility "upon motion of the government"). And the district court ultimately found that Tuttle was not entitled to that reduction. See United States v. Torres-Rivas, 825 F.3d 483, 485–86 (8th Cir. 2016) (concluding that the government did not breach a plea agreement by arguing against an acceptance-of-responsibility adjustment because the government's "conditional" duty to move for that adjustment was contingent upon actions by the Probation Office and district court that were not taken).

In addition, the plea agreement expressly stated that the government would "not recommend any adjustment for Acceptance of Responsibility" if Tuttle:

1. Fail[ed] to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denie[d] involvement in the offense, g[ave] conflicting statements about that involvement, or [was] untruthful with the court or probation officer, or
3. Fail[ed] to appear in court, or
4. Engage[d] in additional criminal conduct, or
5. Attempt[ed] to withdraw the guilty plea, or
6. Refuse[d] to abide by any lawful court order, or
7. Contest[ed] or assist[ed] any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

The record establishes, and Tuttle does not contest, that she "[f]ail[ed] to appear" at a scheduled court hearing, "[e]ngage[d] in additional criminal conduct" by testing positive for methamphetamine while on post-plea release, and "[a]ttempt[ed] to withdraw [her] guilty plea."

Nevertheless, Tuttle suggests that the United States impermissibly objected to her receiving an acceptance-of-responsibility adjustment "based on" her "pre-plea conduct." It is true that the government cannot object to an acceptance-of-responsibility adjustment based on a defendant's pre-plea conduct if it initially agreed at the time the plea was entered that the defendant "qualified for" that adjustment. United States v. Collins, 25 F.4th 1097, 1101 (8th Cir. 2022); see United

-5-

States v. Mosley, 505 F.3d 804, 808 (8th Cir. 2007) ("Any argument that [the defendant] failed to accept responsibility because of actions taken before signing the [plea] agreement would conflict with the government's promise, and would therefore breach the agreement."). But here, the government took no position in the plea agreement on whether an acceptance-of-responsibility adjustment was warranted. And in any event, the government's objection at sentencing was based on Tuttle's *post-plea* conduct, not any conduct that pre-dated the plea agreement.

Because we find no breach of the plea agreement, the agreement is binding, including the appeal waiver. See United States v. Helper, 7 F.4th 706, 711 (8th Cir. 2021). In the waiver, Tuttle expressly gave up "any and all rights to appeal . . . [her] sentence," which includes her appeal of the district court's denial of an acceptance-of-responsibility adjustment. See United States v. Guice, 925 F.3d 990, 992 (8th Cir. 2019) (dismissing an appeal of the district court's application of a sentencing enhancement because it "f[ell] within the plain language of" an appeal waiver). And she does not contend that the waiver was not knowing and voluntary, or that enforcing it "would result in a miscarriage of justice." Id. (quoting United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc)).

For these reasons, we enforce the waiver and dismiss Tuttle's appeal.

_____