# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1229
_____

United States of America

*Plaintiff - Appellee*

v.

Justin James Schneider

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: December 19, 2025
Filed: June 25, 2026

_____

Before LOKEN, LAVENSKI R. SMITH, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Justin Schneider was convicted of assaulting Rayce Hoisington by striking, beating, or wounding him. 18 U.S.C. §§ 113(a)(4) and 1152. Schneider and Hoisington have a troubled history. One summer night on the Standing Rock Indian Reservation, Schneider was drinking beers with a friend around a campfire. Hoisington pulled up in his pickup truck and parked nearby. Schneider asked him for a ride, but Hoisington left without him. A short time later, someone fired eight to ten shots at Schneider from a pickup truck. One hit and badly injured him.

About a week later, Hoisington was at his father's house when he heard a loud pop followed by the sound of something hitting a metal tank. A neighbor called the police, and the responding officer found a bullet hole in a fuel tank on the neighbor's property.

Three months after that, Schneider confronted Hoisington about what happened the night he was shot, demanding to know why Hoisington "d[id] it." When he said he didn't know what Schneider was talking about, Schneider punched him in the mouth, and the two men fell to the ground fighting. Hoisington tried to get up, but Schneider struck him on the top of the head. And when he finally got back to his feet, Schneider punched him one more time under his left eye.

After the fight, Schneider told Hoisington that he wanted him to apologize to his wife. The two men walked down the street to her workplace. When she came outside, Hoisington said he was sorry that her husband got hurt. Schneider then punched him in the nose, breaking it.

Hoisington went home, where his sister saw his injuries. Later that evening, Schneider's wife went to Hoisington's house and asked his sister to talk with Schneider. She agreed, and during their conversation, he apologized for beating up Hoisington and for shooting at her dad's house.

After Schneider was indicted for beating up Hoisington, the Government gave notice under Federal Rule of Evidence 404(b) that it intended to introduce evidence that Schneider shot the fuel tank. The Government argued the evidence was relevant to prove that Schneider intentionally assaulted Hoisington and to negate any claim of self-defense. The district court admitted the evidence over Schneider's objection.

Schneider argues that the Government failed to prove that he was the one who shot the fuel tank. *See United States v. Winn*, 628 F.3d 432, 436 (8th Cir. 2010) (To admit Rule 404(b) evidence, a district court must determine that "a reasonable jury could find by a preponderance of the evidence that the defendant committed the prior

act."). But the evidence shows that (1) Schneider was upset with Hoisington for not giving him a ride on the night he was shot; (2) about one week after the shooting, a fuel tank near Hoisington's father's house was shot; and (3) Schneider apologized to Hoisington's sister for shooting at the house. Because a reasonable jury, based on these facts, could find that Schneider shot the fuel tank, the district court did not abuse its discretion in admitting the evidence. *See id.* (standard of review).

The district court plainly erred, however, when it imposed a sentence of time served. *United States v. Taylor*, 679 F.3d 1005, 1007 (8th Cir. 2012) (reviewing sentence for plain error where defendant failed to object). The statutory maximum prison sentence for assault under 18 U.S.C. § 113(a)(4) is one year, but Schneider had been in custody for more than 400 days when he was sentenced. Because a time-served sentence is "the amount of time actually served" before sentencing, *United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir. 2005), his sentence was illegal, *see United States v. Lugo-Barcenas*, 57 F.4th 633, 637 (8th Cir. 2023).

This error prejudices Schneider's substantial rights. *See United States v. Kirk*, 528 F.3d 1102, 1110 (8th Cir. 2008) ("An error prejudices a defendant's substantial rights where there is a 'reasonable probability the defendant would have received a lighter sentence but for the error.'" (citation omitted)). He is currently serving time in federal prison for convictions in another case. *See United States v. Schneider*, No. 24-3350, --- F.4th ----, 2026 WL 1691384 (8th Cir. June 11, 2026). Because the entirety of Schneider's pre-sentencing custody time was credited against his assault conviction, the Bureau of Prisons did not credit any time served against his other convictions. *See* 18 U.S.C. § 3585(b); BOP Program Statement No. 5880.28, Sentencing Computation Manual, Chapter 1, Page 15A (Sep. 20, 1999). This would not have happened if the district court had given him a sentence within the statutory range. Accordingly, there is a reasonable probability that, absent the error, he would spend less time in prison. *See Rosales-Mireles v. United States*, 585 U.S. 129, 141–42 (2018). Because the error affects the fairness, integrity, and public reputation of judicial proceedings, we vacate his sentence. *Kirk*, 528 F.3d at 1110.

We affirm Schneider's conviction, vacate his sentence, and remand for resentencing.

_____