# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1701

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of North Dakota
Harold Louis Wallette, also known as　*
Hank Wallette,　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted:　November 7, 2003

Filed:　November 26, 2003
_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.
_____

PER CURIAM.

　　　Harold Louis Wallette appeals from the final judgment entered in the District Court for the District of North Dakota after a jury found him guilty of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2); possessing methamphetamine, in violation of 21 U.S.C. § 844(a) (Count 3); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), and 2 (Count 4); using and carrying a short-barreled shotgun during and in relation to the manufacture of methamphetamine, in violation

of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i) (Count 5); and possessing an unregistered shotgun with a barrel length of 11.75 inches, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 6). The district court sentenced Wallette to "a total of 480 months" imprisonment and 3 years supervised release. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the district court erred in denying a motion to suppress, and that Wallette received ineffective assistance of counsel. In his pro se supplemental brief, Wallette argues additionally that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), that there was insufficient evidence to support a conviction under sections 922(g)(1) and 924(e), and that he was misled by the court's statement that he could receive a 50% credit for good behavior. For the reasons discussed below, we affirm the judgment of the district court as modified.

We conclude the arguments concerning the motion to suppress are unavailing because Wallette did not move to suppress until after the deadline for doing so had passed, and he did not establish good cause for his untimely motion. See Fed. R. Crim. P. 12(b)(3), (e); United States v. Blue, 255 F.3d 609, 612 (8th Cir. 2001) (per curiam). We further conclude that Wallette's ineffective assistance claim should be brought in a 28 U.S.C. § 2255 motion. See United States v. Soriano-Hernandez, 310 F.3d 1099, 1105 (8th Cir. 2002.)

We reject Wallette's pro se arguments. The jury was not required to find that he was manufacturing injectable methamphetamine for him to be sentenced to more than 5 years imprisonment, see 21 U.S.C. § 841(b)(1)(C); the evidence at trial--that Wallette had 3 prior felony convictions, he had purchased a shotgun from a witness, and the shotgun had been manufactured in Brazil and imported at Miami--supported his conviction under section 922(g), see United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999); section 924(e) is a sentencing enhancement, which did not require findings by the jury, see United States v. Campbell, 270 F.3d 702, 707-08 (8th Cir. 2001), cert. denied, 535 U.S. 946 (2002); and the district court's misstatement as to

the amount of possible good-time credit did not affect Wallette's substantial rights, see United States v. Kempis-Bonola, 287 F.3d 699, 702 (8th Cir.) (standard of review), cert. denied, 537 U.S. 914 (2002).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find that the district court erred in sentencing Wallette to a total of 480 months imprisonment and 3 years supervised release, instead of pronouncing separate sentences for each count. See U.S.S.G. § 5G1.2, comment. (n.1). Because the sentence imposed exceeded the statutory maximums for Counts 1-3 and 6, see 21 U.S.C. §§ 841(b)(1)(C), 844; 26 U.S.C. § 5871, and exceeded the supervised release maximum for Count 3, see 18 U.S.C. § 3583(b), we find that this was plain error. See United States v. Maynie, 257 F.3d 908, 918-19 (8th Cir. 2001), cert. denied, 534 U.S. 1151, 535 U.S. 944 (2002). Thus, we modify the judgment to impose concurrent sentences of 240 months on Counts 1 and 2, 12 months on Count 3, 360 months on Count 4, and 120 months on Count 6, and a consecutive sentence of 120 months on Count 5. We further modify the judgment to impose concurrent supervised release terms of 1 year on Count 3 and 3 years on the remaining counts. See 18 U.S.C. § 924(c); U.S.S.G. §§ 5G1.1(a); 5G1.2, comment. (n.3).

We find no other nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment as modified.

_____