# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3486

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Gregg A. Pagel, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 6, 2004

Filed: May 11, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.


Gregg Pagel appeals the sentence imposed by the district court after he pleaded guilty to possessing an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and to receiving a firearm while on pretrial release and under indictment for a crime punishable by a term exceeding one year, in violation of 18 U.S.C. §§ 922(n) and 3147. The court sentenced Pagel to consecutive terms of 127 months imprisonment on the shotgun-possession offense, and 10 months on the firearm-receiving offense, and concurrent 3-year terms of supervised release.

On appeal, Pagel's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in applying an enhancement under U.S.S.G. § 2K2.1(b)(5) for Pagel's possessing a firearm in connection with another felony. Given the undisputed evidence that significant methamphetamine precursors were on Pagel's property when police found the loaded shotgun in Pagel's closet, we find no clear error. See United States v. Agee, 333 F.3d 864, 866 (8th Cir. 2003) (standard of review; enhancement must be imposed unless it is clearly improbable that defendant possessed firearm in connection with another felony offense such as possession or manufacturing of methamphetamine).

We have also reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we conclude that the district erred in sentencing Pagel to 127 months in prison on the shotgun-possession offense, because the statutory maximum term for that offense is 10 years imprisonment, or 120 months. See 26 U.S.C. § 5871; United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review when issues are not raised in district court). Rather than remand for resentencing, we modify Pagel's 137-month prison sentence to consecutive prison terms of 120 months on the shotgun-possession offense and 17 months on the firearm-receiving offense. See 28 U.S.C. § 2106 (appellate court may modify any judgment of court brought before it for review); U.S.S.G. § 5G1.2 (sentencing on multiple counts of conviction). We have found no other nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court as modified.

_____