# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2541
_____

United States of America

*Plaintiff - Appellee*

v.

John Daniel Kopp, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 7, 2025
Filed: November 5, 2025
[Unpublished]
_____

Before SMITH, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

John Kopp Jr. appeals his 405-month concurrent sentence after he pleaded guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Kopp argues that the district court committed plain error by imposing concurrent 405-month prison terms, both of which exceed the 30-year statutory maximum. We agree and remand for resentencing.

## I. *Background*

Kopp received cell-phone communications from an Iowa woman, A. Knight, containing nude images of her two minor daughters. Kopp was charged with five counts, including counseling and inducing another on March 29, 2021, to induce Minor Victim 1 (MV1) to engage in the lascivious exhibition of the genitals or pubic area for the purpose of producing a visual depiction, using materials that had been shipped in interstate commerce, including a cellular telephone, in violation of 18 U.S.C. § 2251(a) and (e) (Count 2); and counseling and inducing another on April 10, 2021, to induce MV1 to engage in the lascivious exhibition of the genitals or pubic area for the purpose of producing a visual depiction, using interstate commerce materials, including a cellular telephone, in violation of 18 U.S.C. § 2251(a) and (e) (Count 3). Pursuant to a written agreement, Kopp pleaded guilty to Counts 2 and 3. The district court accepted the plea.

The probation office prepared a presentence report (PSR) prior to sentencing. It calculated a Guidelines range of 324–405 months' imprisonment, with a statutory range of 15–30 years on the counts of conviction, to be followed by supervised release of 5 years to life. *See* 18 U.S.C. § 2251 ("Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . . ."). Neither party objected to the PSR. In its sentencing memorandum, the government recommended that the district court impose a prison term within the advisory Guidelines range.

At sentencing, the parties reiterated that there were no factual or legal objections to the PSR, and the district court adopted the PSR in its entirety. Defense counsel asked the court to sentence Kopp to the mandatory minimum of 15 years' imprisonment. Counsel pointed out that Kopp's offense conduct was unusual in that he possessed zero images of child pornography other than the eight images that he received from Knight. Counsel also noted Kopp's lack of criminal history; his lack of socialization, particularly during COVID; and his contention that he would never have touched the minor victims but instead was trying to prevent Knight from letting

someone else abuse her daughters by stringing her along. During Kopp's allocution, he disavowed any intent to harm Knight's children and stated that he only pretended to have a sexual interest in them. The government requested a 405-month sentence, citing the duration of Kopp's conduct, the implausibility of his excuse for it, and the vulgarity of his text conversations with Knight.

The district court thereafter rejected Kopp's explanation that he was trying to protect the victims because he never contacted law enforcement, considered the 18 U.S.C. § 3553(a) factors, and commended Kopp on his lack of criminal history. It then stated that the nature and circumstances of the offenses were such that a "top-of-[G]uideline[s] sentence of 405 months' imprisonment" was appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. R. Doc. 72, at 28. The court's "individualized assessment" of the facts resulted in its conclusion "that 405 months is sufficient but not greater than necessary to satisfy the goals that are set forth in section 3553(a)(2)." *Id.* The district court sentenced Kopp to concurrent terms of 405 months' imprisonment and 5 years of supervised release.

## II. *Discussion*

On appeal, Kopp argues that the district court plainly erred by imposing concurrent 405-month prison terms, both of which exceed the 30-year statutory maximum.[1] He requests that this court vacate his sentence and remand for resentencing.

As Kopp concedes, because he failed to object to this sentencing error, we review for plain error. *See United States v. Williams*, 910 F.3d 1084, 1094 (8th Cir. 2018) ("[The defendant] did not raise any objection before the district court regarding this sentencing error; we thus review this argument for plain error."). "To

---

[1]Counsel for Kopp originally submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. We denied the motion to withdraw and ordered supplemental briefing on whether the sentence exceeding the statutory maximum was plain error.

prevail on a claim of plain error, a defendant must establish (1) error, (2) that the error was plain, and (3) that the error affected his substantial rights. A defendant's substantial rights are affected where the error prejudicially influenced the outcome of the district court proceedings." *Id.* (citation modified). When a defendant asserts plain sentencing error, he "must show a reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." *Id.* (citation modified). Once a "defendant successfully establishes these three requirements, we may notice the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation modified).

Here, the government concedes that "the district court committed error that was plain by sentencing Kopp to over the statutory maximum on each count." Appellee's Br. at 5. Nonetheless, it argues that "because the total sentence was not over the *combined* statutory maximums for both counts, Kopp's substantial rights were not affected, and the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding." *Id.* (emphasis added). The government contends that "§ 2251(a) and 2251(e) will only allow a maximum sentence of 360 months' imprisonment"; as a result, "the Sentencing Guidelines would have directed the district court to divide the total term of imprisonment among more than one count, with the sentence for each count to run consecutively to the extent necessary to achieve the total sentence prescribed." *Id.* at 9 (citing U.S.S.G. 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.")). The government asks us to exercise our "discretion to modify the judgment without a remand" by running the sentences partially consecutively, but it does not suggest *how* we should do this. *Id.* (citing *United States v. Wallette*, 81 F. App'x 616, 618 (8th Cir. 2003) (unpublished per curiam); *United States v. Pagel*, 97 F. App'x 58, 58 (8th Cir. 2004) (unpublished per curiam); 21 U.S.C. § 2106).

-4-

We have "previously held that, if the sentence for one count exceeds the statutory maximum for that count, remand and re-sentencing is unnecessary where the same sentence could be lawfully imposed on another count." *Williams*, 910 F.3d at 1094 (citing *United States v. Bossany*, 678 F.3d 603, 606–07 (8th Cir. 2012) (holding district court's error in imposing a 90–month sentence for conspiracy, which exceeded the 60–month statutory maximum, did not affect defendant's substantial rights by prejudicially influencing the outcome of the district court proceedings, and, thus, the error was not plain; regardless of the error, the defendant would have been sentenced to 90 months' imprisonment because the court imposed an identical prison term for defendant's conviction for money laundering, which had a 240–month maximum)). To prove that a defendant's substantial rights were affected by the court imposing a sentence exceeding the statutory maximum for a particular count, the defendant must "show that, but for the sentencing error, the district court could not have imposed the same total punishment." *Id.* at 1095. A defendant cannot satisfy this standard if "the court legally imposed that sentence on another count." *Id.* (quoting *Bossany*, 678 F.3d at 606–07).

On this record, however, we agree with Kopp "that remand is necessary to allow the district court to reconfigure the sentencing plan to ensure that it remains adequate to satisfy the § 3553(a) sentencing factors." *Id.* (citation modified). Kopp's concurrent 405-month prison terms both exceed the statutory maximum. *See United States v. Lugo-Barcenas*, 57 F.4th 633, 636 (8th Cir. 2023) (noting that an illegal sentence ordinarily includes sentence that exceeds statutory maximum). Even if the same sentence could be imposed on remand, there is no *lawfully imposed concurrent prison term* to negate the need for resentencing. *Cf. Williams*, 910 F.3d at 1095. The district court concluded that an appropriate sentence was "a top-of-[G]uideline[s] sentence of 405 months' imprisonment." R. Doc. 72, at 28. It also indicated that 405 months' imprisonment was "sufficient but not greater than necessary to satisfy the goals" of sentencing. *Id.* These statements indicate that the district court might "have imposed a different sentence" for the two counts. *Williams*, 910 F.3d at 1095. We

therefore remand to the district court to determine an appropriate total sentence as it sees fit.

### III. *Conclusion*

Accordingly, we vacate Kopp's sentence and remand to the district court for resentencing.

_____